# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ROBERT STEWART,

        Plaintiff,

vs.

BANK OF AMERICA, N.A.,

        Defendant.

Case No.: 2:19-cv-00699-GMN-NJK

**ORDER**

Pending before the Court is Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss, (ECF No. 15). Plaintiff Robert Stewart ("Plaintiff"), acting pro se,[1] filed a Response, (ECF No. 17), and BANA filed a Reply, (ECF No. 18). Thereafter, Plaintiff filed an "Amended Response," (ECF No. 19), which the Court will construe as a Surreply. BANA filed a Response to the Surreply, (ECF No. 20).

Also pending before the Court is BANA's Motion for Summary Judgment, (ECF No. 37). Plaintiff filed a Response, (ECF No. 43), and an "Amended Response," (ECF No. 44). BANA filed a Reply, (ECF No. 45). Plaintiff subsequently filed another "Amended Response," (ECF No. 46). For the reasons discussed below, the Court grants BANA's Motion to Dismiss, and denies BANA's Motion for Summary Judgment as moot.

## I. BACKGROUND

The following facts are derived from the Complaint; the exhibits attached thereto; Plaintiff's Chapter 7 bankruptcy filings and schedules; and recorded property documents.[2]

---

[1] In light of Plaintiff's status as a pro se litigant, the Court liberally construes his filings, holding them to standards less stringent than pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] In ruling on a motion to dismiss, "[a] court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *See United States v. Ritchie*, 342 F.3d

The present case involves a dispute over real property located at 10399 Gwynns Falls Street, Las Vegas, Nevada 89183 (the "Property"). (Compl. at 1, ECF No. 1-1). On April 4, 2008, Marguerite Stewart (the "Borrower") obtained a reverse mortgage in favor of Countrywide Bank, FSB, with a maximum principal balance of $390,000 (the "reverse mortgage") and secured by the Property. (Adjustable Deed of Trust and Adjustable Second DOT, Ex. A to Mot. Dismiss ("MTD"), ECF No. 15-1). Plaintiff was not a party to the reverse mortgage or a non-borrower spouse or resident. (*See id.*). Pursuant to the terms of the reverse mortgage, the lender could immediately accelerate the sums due upon the Borrower's death or upon transfer of all of the Borrower's interest in the property. (*Id.*). On July 19, 2015, the Borrower died intestate. (Probate Order, Ex. B to MTD, ECF No. 15-2).

On August 28, 2017, Plaintiff, who is the Borrower's son, recorded a Quitclaim Deed dated November 15, 2003, purporting to transfer the property from the Borrower to himself. (Quitclaim Deed, Ex. 5 to Compl., ECF No. 1-1). On May 23, 2018, the Probate Court issued an Order Setting Aside Estate of Marguerite Stewart Mcinnis Without Administration, which transferred the Property to Plaintiff. (Probate Order, Ex. B to MTD).

On October 23, 2017, the Substitute Trustee, National Default Servicing Corp. ("NDS"), recorded a Notice of Default and Election to Sell Under Deed of Trust, the Affidavit of Authority in Support of Notice of Default and Election to Sell, and the Nevada Declaration of Compliance (collectively, the "Notice of Default"). (*See* Not. Default, Ex. C to MTD, ECF No. 15-3). On March 20, 2018, NDS recorded the State of Nevada Foreclosure Mediation Program Certificate. (Mediation Cert., Ex. D to MTD, ECF No. 15-4). On May 18, 2018, NDS recorded the Notice of Trustee's Sale. (Not. Trustee's Sale, Ex. E to MTD, ECF No. 15-5). On October 2, 2018, the Property was sold to BANA at the foreclosure sale. (Trustee's Deed Upon Sale,

---

903, 908 (9th Cir. 2003); *see* Fed. R. Evid. 201. Accordingly, the Court will consider the above-referenced documents in ruling on the instant Motion to Dismiss. *Daprizio v. Harrah's Las Vegas, Inc.*, No. 2:10-cv-00604-GMN, 2013 WL 5328386, at *3 (D. Nev. Sept. 20, 2013).

Ex. 6 to Compl., ECF No. 1-1). On December 19, 2018, BANA filed an unlawful detainer action against plaintiff in the Las Vegas Justice Court, Case No. 18C031005. (Register of Actions, Ex. F to MTD, ECF No. 15-6). An order granting a temporary writ of restitution was entered on March 20, 2019. (*See id.*).

On March 14, 2019, Plaintiff filed a "Summary of Argument," which the Court liberally construes as a Complaint, (ECF No. 1-1), in Nevada state court. BANA subsequently removed to federal court on the basis of diversity jurisdiction. (Pet. Removal, ECF No. 1). In his Complaint, does not enumerate any particular causes of action. Plaintiff appears to assert that BANA failed to provide him with a notice of default, notice of sale, or other foreclosure notice. (Compl. at 2). Plaintiff seeks a temporary restraining order and preliminary injunction prohibiting BANA "from proceeding with, or taking any other action, regarding foreclosure on a certain Trustee's Deed Upon Sale . . ." (*Id.* at 1). Plaintiff states that he does not want to vacate the property until it is sold to a third party, and he does not want to pay rent, fees, or costs. (*Id.* at 2–3). Plaintiff further contends he is entitled to damages in the amount of $5,874 (related to the alleged improper fees for inspection/appraisal), and any remaining funds after the reverse mortgage is paid off at a sale to a third party in an amount not less than $30,000.00. (*Id.*).

On April 15, 2019, Plaintiff filed a Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the District of Nevada, Case No. BK-19-12285-mkn ("Bankruptcy Action"). (*See* Official Form 101, Ex. G to MTD, ECF No. 15-7). Plaintiff's Bankruptcy Action stayed the Eviction Action. On Plaintiff's bankruptcy schedules, Plaintiff identified his interest in the property, BANA's secured interest in the property, and the foreclosure. (*See* Schedule A/B, D, Official Form 107, Ex. H to MTD, ECF No. 15-8). However, Plaintiff did not identify the eviction action or the present case. (Official Form 107 at Part 4, Ex. H to MTD). BANA now moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*,

832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . . " Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**III.    DISCUSSION**

BANA moves to dismiss arguing, *inter alia*, that Plaintiff is judicially estopped from alleging any of causes of action against BANA because Plaintiff filed a Chapter 7 Bankruptcy

Page 5 of 8

Action on April 15, 2019, and never disclosed the eviction action or the present case in his bankruptcy schedules and disclosures. (*See* Schedule A/B, D, Official Form 107, Ex. H to MTD, ECF No. 15-8). In his Response, Plaintiff does not respond to BANA's judicial estoppel argument, nor does Plaintiff dispute the existence of the Bankruptcy Action. (*See* Resp., ECF No. 17). Plaintiff's Surreply similarly fails to address BANA's judicial estoppel argument. (*See* Surreply, ECF No. 19). Nevertheless, Local Rule 7-2(b) of the District of Nevada provides: "Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged." As such, the Court will not consider Plaintiff's Surreply or BANA's response to the Surreply.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). "In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Id.* at 783. Section 521 of Title 11 of the United States Code requires that a debtor file "a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." *Id.* at 784 (citing 11 U.S.C. § 521). This required disclosure includes any contingent and unliquidated claims, and the duty continues for the duration of the bankruptcy proceeding. *Id.* at 785. "Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Id.* at 784 (citing *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992)). While *Hay* and *Hamilton* are summary

judgment cases, there is no reason their analysis and conclusion would not apply in this case. Both cases support the proposition that judicial estoppel should be applied here.

In *Hay*, the Ninth Circuit recognized that while the plaintiff did not know all the facts, the plaintiff knew enough to require notification of the asset (*i.e.*, the action/suit against a creditor) to the bankruptcy court. *Hay*, 978 F.2d at 557. The Ninth Circuit ruled that the plaintiff's failure to give the required notice estopped the plaintiff and justified the district court's grant of summary judgment to the defendants. *Id.*

*Hamilton* emphasized that "[t]he debtor's duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceeding." *Hamilton*, 270 F.3d at 785 (citations omitted). *Hamilton* additionally explains that courts "must invoke judicial estoppel to protect the integrity of the bankruptcy process," which includes preventing a debtor from deceiving the bankruptcy court, and acquiring an "unfair advantage" due to having enjoyed "the benefit of both an automatic stay and a discharge of debt in the debtor's Chapter 7 bankruptcy proceeding." *Id.*

The rulings and reasoning in *Hay* and *Hamilton* compel this Court to dismiss the Complaint. Here, as noted, Plaintiff initiated a Chapter 7 Bankruptcy Action. From the facts presented here, the Court finds no basis on which to determine that Plaintiff's omission of the instant action from his bankruptcy schedules and disclosure statements was based on inadvertence or mistake. Indeed, Plaintiff initiated the Bankruptcy Action *after* initiating the instant case. Thus, Plaintiff had "knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy[.]" *Hamilton*, 270 F.3d at 784. Accordingly, judicial estoppel will be imposed, and Plaintiff's causes of action must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Because this is an absolute bar to Plaintiff's claims, any amendment would be futile, and therefore the dismissal must be with prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that BANA's Motion to Dismiss, (ECF No. 15), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that BANA's Motion for Summary Judgment, (ECF No. 37 ), is **DENIED as moot**.

**DATED** this __23__ day of March, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court